IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Civil Action No.

**LIGHTS OUT PRODUCTIONS, LLC**, a
Florida Limited Liability Company, and
**BYB EXTREME FIGHTING SERIES,
LLC**, a Florida Limited Liability Company,

     Plaintiffs,

v.

**TRILLER, INC.**, a Delaware Corporation,
**TRILLER FIGHT CLUB, LLC**, a
Delaware Limited Liability Company,
**FLIPPS MEDIA, INC.**, a Delaware
Corporation doing business as **FITE TV**,
and **RYAN KAVANAUGH**, an Individual,

     Defendants.

_____/

## VERIFIED COMPLAINT FOR DESIGN PATENT INFRINGEMENT, UNFAIR COMPETITION, COPYRIGHT INFRINGEMENT, AND RELATED CLAIMS

Plaintiffs LIGHTS OUT PRODUCTIONS, LLC ("Lights Out") and BYB EXTREME

FIGHTING SERIES, LLC ("BYB"), by and through their undersigned attorneys, hereby bring this

action against RYAN KAVANAUGH ("Kavanaugh"), TRILLER, INC. ("Triller"), TRILLER

FIGHT CLUB, LLC ("Triller Fight Club"), FLIPPS MEDIA, INC. D/B/A FITE TV ("Flipps"),

and allege as follows:

### NATURE OF THE ACTION

1.     In this action, Plaintiffs seek injunctive and monetary relief for acts of design patent

infringement, unfair competition, copyright infringement, and related claims. This action arises

under the Patent Act, Title 35, United States Code § 101, *et seq.*, the Lanham Act, 15 U.S.C. §1051

1

*et seq*., the Copyright Act, 17 U.S.C. §101, *et seq.*, and the statutes and common laws of the State of Florida.

## PARTIES

2.    Plaintiff LIGHTS OUT PRODUCTIONS, LLC, is a limited liability company organized and exiting under the laws of the State of Florida with its principal place of business located at 7355 NW 35 Street, Miami, Florida 33122.

3.    Plaintiff BYB EXTREME FIGHTING SERIES, LLC, is a limited liability company organized and exiting under the laws of the State of Florida with its principal place of business located at 7355 NW 35 Street, Miami, Florida 33122.

4.    Lights Out owns various intellectual property assets related to BYB's Extreme Fighting Series, including design patents, copyrights, and trademarks. Among the intellectual property assets owned by Lights Out are (a) United States Design Patents for two of Lights Out's unique and innovative ring designs, including a triangle design and a diamond design, (b) United States Copyright Registrations for Lights Out's ring designs, including both the "TRIGON" triangle design launched in March 2020 and the "TRIGON" diamond design launched in June 2015, and (c) various trademark registrations and pending applications for marks used in connection with BYB's bare-knuckled fighting events, including "TRIGON."

5.    BYB is Lights Out's exclusive licensee of Lights Out's intellectual property assets, including Lights Out's design patents, copyrights, trademarks, and trade dress, all of which have been utilized continuously by BYB in connection with its bareknuckle fighting events offered to the public.

2

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

6.      BYB's "Extreme Fighting Series" was established in 2014 and, in 2015, BYB launched its first event featuring the TRIGON diamond design:



7.      In March 2020, BYB launched a series of events utilizing the TRIGON triangle design that were broadcast by Flipps' FITE TV digital media streaming service:

 

8.      Upon information and belief, Defendant RYAN KAVANAUGH is an individual who owns and controls the decisions and operations of the remaining Defendants.

9.      Upon information and belief, Defendant TRILLER, INC. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 2121 Avenue of the Stars, Suite 2320, Los Angeles, California 90067. Upon further information and belief, John Flock, the Secretary of Triller, is the registered agent for service of process for Triller.

3

10.     Upon information and belief, Defendant TRILLER FIGHT CLUB, LLC. is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 2121 Avenue of the Stars, Suite 2320, Los Angeles, California 90067. Upon further information and belief, Panacorp Incorporated, 2804 Gateway Oaks Dr, #100, Sacramento, California 95833, is the registered agent for service of process for Triller Fight Club.

11.     Upon information and belief Defendants Triller and Triller Fight Club (collectively, the "Triller Defendants") maintain a regular and established place of business in this District, namely in Orlando, Florida:



*https://go.triller.co/, accessed November 15, 2021.*

12.     Upon information and belief, Defendant FLIPPS MEDIA, INC. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 626 RXR Plaza, Suite 6737, Uniondale, NY 11556. Upon further information and belief, the records of the State of New York identify Flipps Media as the registered agent for service of process, with a service address of 626 RXR Plaza, PMB 1793, Uniondale, NY 11556. Upon further

4

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

information and belief, Flipps owns and operates a combat sports streaming platform named "FITE.TV." Upon further information and belief, Triller acquired Flipps in April 2021.

13.   Upon information and belief, and according to press releases, "FITE and Triller Fight Club are owned by TrillerNet . . . which owns the globally popular Triller app used by musicians, celebrities, athletes, and overall culture setters [and] has more than 300 million users worldwide. . . . TrillerNet offers brands a unique content and technology solution, including direct deals with the influencers and celebrities. . . . TrillerNet additionally owns Verzuz . . . and Triller Fight Club (www.TrillerFightClub.com), which launched last year with the highly successful Tyson-Jones Fight which shattered digital PPV records. Other holdings include leading AI-powered customer engagement platform Amplify.ai, and FITE, the premier live event and PPV, AVOD, SVOD streaming platform." According to their own public statements, Triller, Triller Fight Club, and Flipps d/b/a FITE TV are all related entities operating under the auspices of TrillerNet.

## JURISDICTION AND VENUE

14.   This is a civil action arising under the Patent Act, Title 35, United States Code § 101, *et seq.*, the Lanham Act, Title 15, United States Code §1051, *et seq.*, and the Copyright Act, 17 U.S.C. §101, *et seq.*, subject matter being conferred on this Court under 28 U.S.C. §§ 1331, 1332, and 1338(a), 15 U.S.C. § 1121, and 28 U.S.C. § 1367.

15.   Defendants are subject to this Court's specific and general jurisdiction consistent with the principles of due process and/or the Florida Long Arm Statute.

16.   Upon information and belief, this Court has personal jurisdiction over Kavanaugh because (a) he continuously and systematically transacts business within Florida and (b) he

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

manages and controls the operations of Triller, Triller Fight Club, and Flipps Media, and (c) the infringing activities alleged in this Complaint occurred throughout the State of Florida, including in this District.

17.     Upon information and belief, Kavanaugh met with representatives of Plaintiffs in September 2021 at the Hard Rock Casino in Hollywood, Florida, during which meeting Plaintiffs discussed with Kavanaugh the opportunity for Defendants to license Plaintiffs' intellectual property related to the TRIGON triangle design.

18.     Upon information and belief, Kavanaugh was in Hollywood, Florida in September 2021 as part of Triller's promotion, marketing, and presentation of a pair of professional boxing matches held at the Hard Rock Casino, between Evander Holyfield and Vitor Belfort on September 11, 2021 and between Danielito Zorrilla and Pablo Cesar Cano on September 14, 2021, that were among Triller Fight Club's fighting events and were broadcast on Flipps' FITE.TV network.

19.     Upon information and belief, this Court has personal jurisdiction over Triller because (a) Triller maintains a regular and established place of business in Florida, (b) continuously and systematically transacts business within Florida, including the promotion, sale, and hosting of combat fighting events in this District and (c) the infringing activities alleged in this Complaint occurred throughout the State of Florida, including in this District, namely the promotion and sale of tickets and the pay-per-view broadcast for Triller's November 27, 2021 TRIAD COMBAT event.

20.     Upon further information and belief, Triller has promoted, produced, hosted, and presented at least six (6) pay-per-view events since November 2020 that were identified as "Triller Fight Club" events and broadcast on Flipps' FITE.TV streaming service, all of which events were

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

available, and sold to, consumers throughout the State of Florida, including in this District, including a pair of professional boxing matches held at the Hard Rock Casino in Hollywood, Florida, between Evander Holyfield and Vitor Belfort on September 11, 2021 and between Danielito Zorrilla and Pablo Cesar Cano on September 14, 2021, that were among Triller Fight Club's fighting events and were broadcast on Flipps' FITE.TV network.

21.     Upon information and belief, this Court has personal jurisdiction over Triller Fight Club because (a) Triller Fight Club maintains a regular and established place of business in Florida, (b) Triller Fight Club continuously and systematically transacts business within Florida, including the promotion, sale, and hosting of combat fighting events broadcast in this District and (c) the infringing activities alleged in this Complaint occurred throughout the State of Florida, including in this District, namely the promotion and sale of tickets and the pay-per-view broadcast for Triller's November 27, 2021 TRIAD COMBAT event.

22.     Upon further information and belief, Triller Fight Club has promoted, produced, hosted, and presented at least six (6) pay-per-view events since November 2020 that were identified as "Triller Fight Club" events and broadcast on Flipps' FITE.TV streaming service, all of which events were available, and sold to, consumers throughout the State of Florida, including in this District, including a pair of professional boxing matches held at the Hard Rock Casino in Hollywood, Florida, between Evander Holyfield and Vitor Belfort on September 11, 2021 and between Danielito Zorrilla and Pablo Cesar Cano on September 14, 2021, that were among Triller Fight Club's fighting events and were broadcast on Flipps' FITE.TV network.

23.     Upon information and belief, this Court has personal jurisdiction over Flipps because (a) Flipps continuously and systematically transacts business within Florida, including the

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

promotion, sale, and broadcast of combat fighting events in this District and (b) the infringing activities alleged in this Complaint occurred throughout the State of Florida, including in this District, namely the promotion and sale of tickets and the pay-per-view broadcast for Triller's November 27, 2021 TRIAD COMBAT event.

24.     Upon further information and belief, Flipps' FITE.TV streaming service has promoted, produced, hosted, and broadcast at least six (6) pay-per-view events since November 2020 that were identified as "Triller Fight Club" events and broadcast on Flipps' FITE.TV streaming service, all of which events were available, and sold to, consumers throughout the State of Florida, including in this District, including a pair of professional boxing matches held at the Hard Rock Casino in Hollywood, Florida, between Evander Holyfield and Vitor Belfort on September 11, 2021 and between Danielito Zorrilla and Pablo Cesar Cano on September 14, 2021, that were among Triller Fight Club's fighting events and were broadcast on Flipps' FITE.TV network.

25.     Upon further information and belief, Flipps is also subject to the jurisdiction of this Court because it continues, as of the filing of this civil action, to sell viewings of BYB events featuring the TRIGON triangle fighting surface.

26.     Upon further information and belief, Flipps is also subject to the jurisdiction of this Court because it continues send BYB royalty checks into Florida and associated with the pay-per-view broadcast of BYB events conducted in Florida and hosted on Flipps' FITE.TV network:

8

FLIPPS MEDIA INC

| 10/28/2021 | | BYB Extreme Fighting Series LLC |
| Date | Type | Reference |
| --- | --- | --- |
| 02/28/2021 | Bill | 2-2021-PPV |
| 04/30/2021 | Bill | 4-2021-PPV |
| 06/30/2021 | Bill | 6-2021-PPV |
| 08/31/2021 | Bill | 8-2021-PPV |
| 09/30/2021 | Bill | 9-2021-PPV |

27.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400. Defendants are doing business in this District, as evidenced by their September 2021 professional boxing match held at the Hard Rock Casino and broadcast on FITE TV, during which Kavanaugh was present, and they are promoting, marketing, and selling tickets to, and pay-per-view broadcasts of, their infringing TRIAD COMBAT event scheduled for November 27, 2021.

28.     On further information and belief, venue is proper in this District because the Triller Defendants have committed acts of infringement in this District and have a regular and established place of business in this District, namely their office in Orlando, Florida.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**PLAINTIFFS AND THEIR INTELLECTUAL PROPERTY**

29.     Plaintiff Lights Out is the owner of U.S. Patent No. D805,596 (the '596 Patent), entitled FIGHTING CAGE. The United States Patent & Trademark Office ("USPTO") issued the '596 Patent on December 19, 2017. The named inventors of the '596 Patent are Michael Vazquez and Jose Manuel Suris. A true and correct copy of the '596 Patent is attached hereto as Exhibit A.

30.     By lawful assignment, Lights Out is the Assignee of the '596 Patent.

31.     By lawful license, BYB is exclusively authorized to sell and offer combat fighting events that utilize the design claimed in the '596 Patent.

9

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

32.     The '596 Patent discloses and claims the non-functional ornamental design of a fighting cage, which is described and shown from multiple perspectives in Figures 1-6, reproduced below:



33.     Figure 5 of the '596 Patent includes dashed lines indicating stairs and screens of a potential commercial embodiment of the design to provide a perspective of the design. However, as expressly set forth in the '596 Patent, the dashed line indicators "are for the purpose of illustrating unclaimed environment of the design and form no part of the claimed design." Exhibit A.

34.     In June 2015, BYB presented its first bare-knuckled fighting event – BATTLESHIP 1 – using the ornamental design disclosed and claimed by the '596 Patent. A video stream of BYB's inaugural event is posted on BYB's website at the following address: https://bybextreme.com/byb-extreme-battleship-i/. During this initial event, BYB utilized its diamond-shaped ring design for the first time.

10

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

35.     Since introducing the TRIGON mark to the public in June 2015, Plaintiffs and their licensees, including without limitation Flipps, have continuously used the TRIGON mark to identify Plaintiffs' unique fighting surface design.

36.     In March 2020, BYB presented another bare-knuckled fighting event, entitled "BYB BRAWL III – BRAWL AT THE ROCK" that was held at the Hard Rock Casino in Hollywood, Florida and featured a new depiction of the TRIGON triangle fighting surface that incorporated traditional boxing ring ropes instead of the screen and door embodiment previously commercialized at BYB fighting events:



(https://www.fite.tv/watch/byb-brawl-iii-brawl-at-the-rock/2p6xs/). Portions of the broadcast of BYB's March 2020 event showing use of the TRIGON triangle-shaped fighting surface are accessible via this link: https://bybextreme.com/byb-4/. To date, BYB has presented 6 bare-knuckled fighting events featuring the TRIGON triangle fighting surface, with a seventh event scheduled for December 2021.

37.     Since the March 2020 event, Plaintiffs have consistently presented their highly popular and successful triangle-shaped TRIGON fighting surface to the consuming public using

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

their unique and distinctive trade dress consisting of an equilateral triangle (3 sides of equal length and connected at 60-degree angles), ring ropes, and corner posts (the "TRIGON Trade Dress").

38.     The TRIGON Trade Dress is inherently distinctive or, alternatively, has acquired distinctiveness.

39.     The TRIGON Trade Dress is non-functional, as it is not essential to the use or purpose of Plaintiffs' fighting surface and does not affect the cost or quality of the fighting surface.

40.     In connection with the TRIGON Trade Dress, Plaintiffs have allocated extensive resources to the promotion and marketing of their unique triangle-shaped fighting surface to the consuming public, have generated significant revenues in the form of sponsorships, ticket sales, and pay-per-view broadcast fees, and have received substantial media coverage about the TRIGON Trade Dress.

41.     Consumers have come to recognize the TRIGON Trade Dress as being associated with Plaintiffs and, as a result, Plaintiffs have developed substantial goodwill in the TRIGON Trade Dress.

42.     Plaintiffs' TRIGON Trade Dress has been the subject of a great deal of publicity, including on social media posts from widely circulated accounts such as Barstool Sports:

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM



As a result of such publicity, consumers associate the TRIGON Trade Dress exclusively with Plaintiffs.

43.     Lights Out has complied in all respects with the U.S. Copyright Act and with all other laws governing copyright in connection with the protection of its proprietary ring-roped version of the TRIGON design

44.     Lights Out is the exclusive owner of, among others, United States Copyright Registration No. VA-2-274-269 for two-dimensional artwork prepared by Lights Out in connection with the ring-roped version its triangle fighting surface, entitled TRIGON TRIANGLE FIGHTING SURFACE DESIGN. True and correct copies of Lights Out's copyright registration information, along with the deposit materials submitted to the Library of Congress in connection with this copyright registration, are attached hereto as Exhibit B. Representative examples of the copyrighted TRIGON ring-roped design appear below:

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM





Lights Out's copyright registration for the TRIGON ring-roped fighting surface design has an effective date of November 3, 2021, prior to Defendants' commencement of the infringing activities alleged in this Complaint.

## DEFENDANTS AND THEIR INFINGING ACTIVITIES

45.     In December 2018, Flipps and BYB entered into a "Distribution Agreement," through which BYB, as the provider, licensed Flipps, as the distributor, to offer BYB's bare-knuckled fighting events over Flipps' FITE.TV digital media platform (the "PPV Agreement"). A true and correct copy of the PPV Agreement is attached hereto as <u>Exhibit C</u>.

46.     Beginning in April 2019, Flipps offered, and continues to offer, pay-per-view broadcasts of various BYB bare-knuckled fighting events pursuant to the terms of the PPV Agreement:

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

   

47.     In promoting these events on its FITE.TV digital media platform, Flipps included language that specifically referenced Plaintiffs' "revolutionizing" ornamental design, utilized the TRIGON mark in promoting the events, and confirmed the fact that Plaintiffs' design is "patented":



(April 5, 2019 event promotion, accessible at https://www.fite.tv/watch/byb-brawl-1-brawl-for-it-all/2oihk/).

**Description**

BYB Bareknuckle Fighting Series & DADA 5000 are back for BYB 4 – "Bareknuckle at the Rock". BYB unveiled its new patented TRIGON Ring earlier this year at the Seminole Hard Rock Hotel & Casino, featuring a KO/TKO rate of over 90%. BYB's TRIGON Ring is

(December 12, 2020 event promotion, accessible at https://www.fite.tv/watch/byb-4-bareknuckle-at-the-rock/2p8jl/).

48.     The initial BYB event broadcast on Flipps' FITE.TV digital media platform on April 5, 2019 featured an embodiment of one of the designs protected by Lights Out's design patents, namely the diamond-shaped TRIGON surface:

15

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM



49.     Beginning with the March 7, 2020 event, each of the BYB events broadcast on Flipps' FITE.TV digital media platform featured Plaintiffs' TRIGON triangle design fighting surface utilizing traditional ring ropes, as depicted in Flipps' promotions for the events:

 

(FITE.TV promotions of April 11, 2020 and December 12, 2020 BYB events, accessible at https://www.fite.tv/vl/p/byb-extreme-fighting-series/).

50.     In or about September 2020, Michael Vazquez, Plaintiffs' principal, met with Peter Kahn, who at the time was associated with a competitor of BYB – Bare Knuckle Fighting Championship ("BKFC") – during a Titan Fighting Championship event held at the Intercontinental Hotel in Miami, Florida. During their meeting, Mr. Kahn praised Mr. Vazquez for his company's TRIGON triangle ring and noted to Mr. Vazquez that "we [BKFC] are bigger and better than you, the only thing you have on us is your triangle ring design, our ring is too big."

16

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

51.     In March 2021, Triller Fight Club announced its hiring of Mr. Kahn to the "newly created position of Chief Boxing Officer."

52.     In September 2021, Defendants promoted, hosted, and broadcast two Triller Fight Club events at the Hard Rock Casino in Hollywood, Florida. On September 11, 2021, Defendants hosted and broadcast a card of professional boxing matches, featuring Evander Holyfield and Vitor Belfort as their main event, and on September 14, 2021, Defendants hosted and broadcast another card of professional boxing matches, this one featuring Danielito Zorrilla and Pablo Cesar Cano as the main event.

53.     On information and belief, Kavanaugh was present in South Florida for the September 2021 Triller Fight Club events held at the Hard Rock Casino.

54.     During his time in South Florida in September 2021, Kavanaugh informally met with a representative of Plaintiffs, Elvis Crespo, who was seated a few seats away from Kavanaugh and Shannon Briggs, a professional boxer who has provided positive feedback to Plaintiffs about their unique ring designs, during one of the professional boxing matches conducted at the Hard Rock Casino. During their conversation, Mr. Crespo discussed the possibility of Kavanaugh and his companies partnering with Plaintiffs to offer future events using the TRIGON design under the Triller Fight Club banner.

55.     In October 2021, during a Triller Fight Club event entitled "The TrillerVerz III Weekend" and featuring a fight between "Big Daddy Kane" and "KRS One," Defendants announced their "Triad Combat" concept featuring a triangle-shaped fighting surface:

17



(Instagram post of @fitetv dated October 16, 2021).

56.     On November 4, 2021, Defendants formally announced their November 27, 2021 event featuring their version of Plaintiffs' triangle-shaped fighting surface, with musical entertainment to be provided by legendary rock band Metallica:

  

The full announcement of Defendants' TRIAD COMBAT event is accessible at https://trillerfightclub.com/triad-combat/.

57.     According to the announcement, "Triller Fight Club presents Triad Combat on Saturday, November 27 at Globe Life Stadium, Home of Major League Baseball's Texas Rangers in Arlington, TX and live on Pay-Per-View." According to Defendants' press release announcing

18

the TRIAD COMBAT event, "[a]dvance tickets priced at $300, $200, $125, $85 and $50 can be purchased at TrillerFightClub.com and Ticketmaster.com."

58.     After promoting multiple BYB events featuring the "revolutionizing" and "patented" TRIGON triangle design, Defendants, with full knowledge of Plaintiffs' rights and having broadcast at least 4 BYB events at which the TRIGON triangle design was promoted and utilized, Defendants are now making the following statements in promotion of their event:

> **TRIAD COMBAT** is a revolutionary, new combat team sport which incorporates boxing and MMA rules in an aggressive, fast-paced manner with the fighters competing in a specially designed triangular ring over two-minute rounds featuring professional boxers competing against professional mixed martial arts fighters. The specific motto of *leveling the playing field* between the two sports utilizing crossover gloves and with holding allowed is meant to offer boxing and MMA fighters an even battleground where neither opponent has a greater advantage.

Defendants used the term "revolutionary" to describe their TRIAD COMBAT design after using the term "revolutionizing" to describe the TRIGON triangle design in their own promotional materials:



59.     In response to Defendants' announcements, multiple media outlets and social media users commented upon the story and, not surprisingly, immediately recognized the similarities and apparent association between Plaintiffs' revolutionary TRIGON triangle design and Defendants' "revolutionary" and "specially designed triangular ring:"

19

Triller Set To Stage Fights In a Triangle

MIXED MARTIAL ARTS    ADMIN    OCTOBER 19, 2021



In a desperate attempt to differentiate itself from other promotions Triller decided to copy another promotion and stage their conflicts in a triangular ring.

Triller Fight Club plans to unveil "Triad Combat" on Nov. 27. Of course staging fights in a triangle isn't exactly new. DaDa 5000 attempted to stage "trigon" fights back in 2019 in a 'return from the dead'.



# Triller steals 'Trigon' from Dada 5000, announces 'Triad Combat' for Nov. 27

*Triangle joke?*

By Jesse Holland  |  Oct 18, 2021, 8:31am EDT



If you want to bring something "revolutionary" to the combat sports marketplace, it's probably a good idea to start with a product that *hasn't* already been featured prominently on previous pay-per-view (PPV) cards, **like the "Trigon" Dada 5000** used for his "Back Yard Brawls" promotion.

20

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM



60.     A simple side-by-side comparison of Defendants' "specially designed triangular ring" for TRIAD COMBAT with Plaintiffs' TRIGON Trade Dress reveals the unmistakable similarity between the two fighting surfaces:

***TRIAD COMBAT:***                                    ***TRIGON TRADE DRESS:***

     

61.     As a result of Defendants' announcements, Plaintiffs sent Kavanaugh and Triller correspondence reminding Defendants of Plaintiffs' intellectual property rights that they had

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

previously and prominently recognized in promoting BYB's events broadcast on FITE.TV, including the '596 Patent, and the parties' ongoing business relationship. Plaintiffs also offered Defendants an opportunity to license Plaintiffs' rights, absent which Plaintiffs demanded that Defendants cease and desist from hosting their TRIAD COMBAT event using their slavish copy of Plaintiffs' triangle design fighting surface. Defendants declined Plaintiffs' offer, leading to the initiation of this civil action.

62.     Upon information and relief, since receipt of the aforementioned correspondence, Defendants have refused to change the design of their triangle ring and, notwithstanding Plaintiffs' correspondence, have moved forward with ticket sales and pay-per-view broadcast sales of their November 27, 2021 event.

63.     Upon information and belief, Defendants, with full knowledge of Plaintiffs' rights, have acted with intentional disregard for the '596 Patent and the TRIGON TRIANGLE FIGHTING SURFACE DESIGN copyright.

64.     Defendants have misappropriated Plaintiffs' patented TRIGON triangle ring design, with the only discernable difference between Plaintiffs' patented design and Defendants' TRIAD COMBAT design being the number of posts utilized to support the ropes or screen/door configurations:

22

 

 

65.     Defendants have also copied Plaintiffs' copyrighted TRIGON TRIANGLE FIGHTING SURFACE DESIGN by offering the public an event featuring a triangle fighting surface design that is so similar to Plaintiffs' design than an average lay observer would recognize that the TRIAD COMBAT design was appropriated from Plaintiffs' copyrighted design.

<u>**COUNT ONE**</u>
**(Infringement of the '596 Patent Against The Triller Defendants)**

66.     Plaintiffs incorporate by reference and reallege each of the allegations set forth in paragraphs 1-65 above.

23

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

67.     The '596 Patent claims a non-functional ornamental design, specifically, a "Fighting Cage."

68.     The Triller Defendants' TRIAD COMBAT fighting surface with an ornamental design infringes the '596 Patent. As shown, the Triller Defendants' TRIAD COMBAT fighting surface has appropriated the ornamental design shown and described in the '596 Patent.

69.     In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a triangular-shaped fighting cage surface claimed in the '596 Patent and the Triller Defendants' accused design are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase tickets or pay-per-view broadcasts of Defendants' events supposing them to be the design claimed in the '596 Patent.

70.     On information and belief, the Triller Defendants, without authority, have directly infringed and continue to directly infringe the '596 Patent, under 35 U.S.C. § 271(a), at least by manufacturing, importing, distributing, selling, offering for sale, and/or using within the United States their accused TRIAD COMBAT ring design.

71.     As a result of the Triller Defendants' infringement of the '596 Patent, Plaintiffs have suffered and will continue to suffer damages. Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

72.     The Triller Defendants' infringement of the '596 Patent is willful, making this an exceptional case and entitling Plaintiffs to enhanced damages and attorneys' fees.

24

73.     The Triller Defendants became aware of the issued claim of the '596 Patent no  later than Plaintiffs' letter to Defendants Kavanaugh and Triller dated October 22, 2021. On information and belief, the Triller Defendants knowingly and willfully infringed the '596 Patent by manufacturing, importing, using, selling, and offering to sell the accused TRIAD COMBAT design.

74.     Despite the Triller Defendants' knowledge of their imminent and actual infringement of the '596 Patent, the Triller Defendants have continued to manufacture, import, use, sell, and offer to sell tickets and pay-per-view broadcast viewings of events featuring the accused TRIAD COMBAT design.

75.     Plaintiffs have been irreparably harmed by the Triller Defendants' infringement of the '596 Patent and will continue to be harmed unless the Triller Defendants' infringing conduct is restrained and enjoined by order of this Court.

<u>**COUNT TWO**</u>
**(Copyright Infringement Against All Defendants)**

76.     Plaintiffs incorporate by reference and reallege each of the allegations set forth in paragraphs 1-65 above.

77.     Lights Out owns United States Copyright Registration No. VA-2-274-269 for two-dimensional artwork prepared by Lights Out in connection with the ring-roped version its triangle fighting surface, entitled TRIGON TRIANGLE FIGHTING SURFACE DESIGN. *See* <u>Exhibit B</u>.

78.     Lights Out has complied in all respects with the Copyright Act and with all other laws governing copyright in connection with its registered design. Lights Out is the proprietor of all rights, title, and interest to the TRIGON design.

25

79.     As the owner of the TRIGON design, Lights Out is entitled to several exclusive rights, including the right to reproduce the design, to prepare derivative works based upon the Works, and to distribute copies of the design.

80.     Defendants' TRIAD COMBAT design demonstrates direct copying of the TRIGON design.

81.     Defendants, who have a business relationship with Plaintiffs, had a reasonable opportunity to view or to copy the TRIGON design and, on information and belief, Defendants have knowingly infringed upon the TRIGON design by copying, causing to be copied, publishing, and distributing identical and/or substantially similar copies of the TRIGON design in violation of 17 U.S.C. § 501.

82.     Defendants' infringing TRIAD COMBAT design mimics non-functional, original design elements from the TRIGON design.

83.     On information and belief, Defendants' acts of infringement are willful, intentional, and purposeful, exhibiting a complete disregard of Plaintiffs' rights.

84.     On information and belief, Defendants copied the TRIGON design to capitalize upon the value of Plaintiffs' creative and thoughtful TRIGON design.

85.     Upon information and belief, the aforesaid infringements by Defendants of the TRIGON design occurred and continue to occur with Defendants' knowledge that the TRIGON design constitutes a copyrighted design and Defendants, in committing the acts complained of herein, have willfully infringed upon Lights Out's rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, *et seq*.

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

86.     Defendants' infringement of the TRIGON design irreparably damages Lights Out and Lights Out is informed and believes that Defendants will continue such infringement unless enjoined by this Court.

87.     Lights Out has suffered a loss of profits and other damages, and Defendants have earned illegal profits in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

88.     Defendants' acts have damaged and will continue to damage Lights Out and Lights Out has no adequate remedy at law.

89.     In light of the foregoing, Lights Out is entitled to injunctive relief prohibiting Defendants from using any of Lights Out's copyrighted works, including the TRIGON design, and to recover from Defendants all damages, including attorneys' fees, that Lights Out has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b) or statutory damages pursuant to 17 U.S.C. § 504(b), and attorneys' fees and treble damages pursuant to 17 U.S.C. § 505(b).

## COUNT THREE
### (Trade Dress Infringement Under 15 U.S.C. § 1125(a)
### Against All Defendants)

90.     Plaintiffs incorporate by reference and reallege each of the allegations set forth in paragraphs 1-65 above.

91.     Plaintiffs' TRIGON Trade Dress is non-functional and inherently distinctive or, in the alternative, has acquired distinctiveness (secondary meaning).

27

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

92.     Defendants are using a confusingly similar imitation of the TRIGON Trade Dress in connection with their marketing, distribution, and sales of an unlicensed and unauthorized competing product.  This conduct is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' product is manufactured, distributed, authorized, licensed, or endorsed by Plaintiffs or that Defendants' goods are associated or connected with Plaintiffs, or have the sponsorship or approval of Plaintiffs, when such is not the case.

93.     Defendants have used confusingly similar imitations of the TRIGON Trade Dress, and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of consumers, members of the trade, and the public and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by the TRIGON Trade Dress, all in violation of 15 U.S.C. § 1125(a), for which Plaintiffs have no adequate remedy at law.

94.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the TRIGON Trade Dress to Plaintiffs' great and irreparable injury.

95.     Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief, their actual damages, an accounting of Defendants' profits, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

## COUNT FOUR
### (Common Law Infringement and Unfair Competition
### Against All Defendants)

96.     Plaintiffs incorporate by reference and reallege each of the allegations set forth in paragraphs 1-65 above.

97.     Defendants' acts constitute common-law trade dress infringement and unfair competition, and such acts have created and will continue to create a likelihood of confusion, to the irreparable injury of Plaintiffs unless restrained by this Court.  Plaintiffs have no adequate remedy at law for this injury.

98.     On information and belief, Defendants acted with full knowledge of Plaintiffs' rights to the TRIGON Trade Dress, and without regard to the likelihood of confusion of the public created by Defendants' activities.

99.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the TRIGON Trade Dress, to the great and irreparable injury of Plaintiffs.

100.    Because of Defendants' acts, Plaintiffs have been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Plaintiffs are entitled to injunctive relief, to an accounting of Defendants' profits, to Plaintiffs' damages, and to Plaintiffs' costs.  In light of the deliberately fraudulent and malicious use of confusingly similar imitations of the TRIGON Trade Dress, and the need to deter Defendants from similar conduct, Plaintiffs additionally are entitled to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs demand relief and judgment against Defendants as follows:

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

a.      An injunction permanently enjoining and restraining the Triller Defendants, their officers, agents, employees, and all other persons in active concert or participation with Defendants, from further infringement of the '596 Patent;

b.      An injunction permanently enjoining and restraining Defendants, their officers, agents, employees, and all other persons in active concert or participation with Defendants, from further infringement of the TRIGON Trade Dress or any other acts of unfair competition;

c.      An injunction permanently enjoining and restraining Defendants, their officers, agents, employees, and all other persons in active concert or participation with Defendants, from further infringement of the TRIGON design copyright in any manner, from misrepresenting that the TRIGON design was authored by Defendants, or otherwise continuing any and all acts as alleged in this Complaint;

d.      An award of damages, including all available damages for design patent infringement pursuant to the Patent Act, 35 U.S.C. §101 *et seq.*, as enumerated herein;

e.      An award of damages, including all available damages for copyright infringement pursuant to the Copyright Act, 17 U.S.C. §101 *et seq.*, as enumerated herein;

f.      An award of damages, including all available damages for copyright infringement pursuant to the Lanham Act, 15 U.S.C. §1051 *et seq.*, as enumerated herein;

g.      An award of statutory damages for Defendants' willful acts of infringement;

h.      An award of the costs of this action and attorneys' fees;

i.      An award of punitive damages pursuant to the common law of the State of Florida;

j.      An award for interest and prejudgment interest; and

k.      Such other and further relief as this Court deems just and equitable.

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues.

**DATED**:        November 18, 2021                    Respectfully submitted,

**FRIEDLAND VINING, P.A.**

/s/David K. Friedland
David K. Friedland
Florida Bar No. 833479
Email: dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email: jrv@friedlandvining.com
9100 S. Dadeland Blvd., Suite 1620
Miami, FL 33156
(305) 777-1725 – telephone

and

CHASELAWYERS

Gregory E. Bloom, Esq.
Florida Bar No. 076846
Email: greg@chaselawyers.com
21 SE 1st Avenue
Suite 700
Miami, FL 33131
305.373.7665 – telephone

*Counsel for Plaintiffs*

31

## **VERIFICATION**

In accordance with 28 U.S.C. § 1746, I, Michael Vazquez, as a Member of Lights Out Production, LLC, declare under penalty of perjury that I have read the foregoing Verified Complaint and that the facts stated therein are true and correct.

Executed in Miami-Dade County, Florida, this _____ day of November, 2021.

_____
Michael Vazquez

32